IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DEABLO D. LEWIS,** § § § **Plaintiff,** § § **v.** § § **HARRISON COUNTY JAIL,** § § **Defendant.** § | CIVIL ACTION NO. 6:22-CV-00282-JDK |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deablo Lewis, proceeding *pro se*, initiated this civil action on July 25, 2022. (Doc. No. 1.) On July 27, 2022, the court issued an order informing Plaintiff that his application to proceed *in forma pauperis* ("IFP") (Doc. No. 2) was incomplete because he did not submit an IFP data sheet or inmate activity transaction sheet. (Doc. No. 4.) The court ordered Plaintiff to submit a new application with a certified IFP data sheet or inmate account summary to proceed with this action within 30 days. *Id.* The court sent Plaintiff a copy of the IFP application with the order. *Id.* The court warned Plaintiff that failure to timely comply with the court's order may result in dismissal of the lawsuit. *Id.* More than 30 days has passed since Plaintiff was mailed a copy of the court's order and the IFP application, and Plaintiff has not complied with the court's order. Plaintiff has not otherwise communicated with the court or filed any correspondence.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed.R.Civ.P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed

to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not filed an IFP application, or paid the requisite filing fee; thus, the lawsuit should be dismissed for want of prosecution and failure to obey an order.

Having not received the filing fee or an application to proceed *in forma pauperis* by the court-ordered deadline, the court **RECOMMENDS** that this action be **DISMISSED** without prejudice for failure to comply with a court order and failure to prosecute. Fed.R.Civ.P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 22nd day of September, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2